331-15/PJG
FREEHILL, HOGAN & MAHAR, LLP
Attorneys for Petitioner
TENACITY MARINE INC.
80 Pine Street
New York, NY 10005
(212) 425-1900
Peter J. Gutowski, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TENACITY MARINE INC.,

                Petitioner,

   -against-

ECOPETROL, S.A.,

                Respondent.
------------------------------------------------------------x

15 Civ.

**VERIFIED PETITION TO COMPEL ARBITRATION**

Petitioner, TENACITY MARINE INC. ("Tenacity" and/or "Petitioner"), by its attorneys Freehill Hogan & Mahar LLP, as and for its Verified Petition against Respondent, ECOPETROL S.A. ("Ecopetrol" and/or "Respondent"), alleges upon information and belief as follows:

1. This Petition to Compel Arbitration is made pursuant to Sections 2, 4, 5 and 6 of the United States Arbitration Act. 9 U.S.C.A. §§ 2 *et. seq.*

2. The jurisdiction of this Court is based upon the provisions of the United States Arbitration Act, Section 4.

439735.1

3. This is also a claim within the Court's admiralty and maritime jurisdiction under 28 USC §1333 in that it involves the breach of a contract of charter party, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. At all times material hereto, Petitioner Tenacity was a foreign corporation with an office and place of business located in care of the vessel manager, Sea Pioneer Shipping Corporation, 7th Floor Bacolitsas Building, 284, Kifisias Ave. 152 32 Halandriin Greece, and was the owner of the vessel TENACITY.

5. At all material times, Respondent Ecopetrol was and still is a foreign entity with an office and place of business at Carrera 13 #36-24, Edificio Principal, Bogotá, Distrito Capital, Colombia, and in care of its U.S. subsidiary Ecopetrol America Inc. at 2800 Post Oak Blvd, Suite 5110, Houston, TX 77056, and was, at all times material hereto, the charterer of the vessel TENACITY.

6. On or about February 19, 2015, Petitioner, as Owner of the vessel TENACITY, and Respondent, as Charterer, entered into a Voyage Charter Party in which Respondent agreed to charter the vessel from Petitioner for the carriage of a cargo of gasoline. (A copy of the written "fixture recap" setting forth the applicable terms for the subject Voyage Charter, with the incorporated ExxonMobil VOY2005 pro forma charter party, is attached hereto as Exhibit 1.)

7. The voyage was performed and subsequent to the completion of the discharge of the cargo, Petitioner calculated and submitted to Respondent on or about May 12, 2015, a demurrage calculation reflecting a balance due to the Petitioner of $398,069.44. (A copy of Petitioner's demurrage calculation is annexed hereto as Exhibit 2.)

8. Respondent, via its brokers (C.R. Weber Co.) confirmed, on or about July 25, 2015, that of the total demurrage claim submitted by Petitioner, the sum of $281,750.00 was undisputed

and due, but Respondent advised that it would only remit this undisputed balance after receipt of a revised invoice identifying that as the full balance due.

9. A dispute has therefore arisen with respect to Respondent's conduct in connection with the payment of the undisputed balance of $281,750.00 (which Respondent eventually paid but which was arbitrarily withheld in a bad faith attempt to coerce Owner to withdraw the remainder of the claim) and with respect to the remaining balance of the claim $116,319.44 which remains due and owing.

10. The subject contract is based on the ExxonMobil VOY 2005 charter party form which provides for arbitration in New York as follows:

> **35. ARBITRATION.**
>
> (a) Any and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York, pursuant to the laws relating to arbitration there in force, before a board of three persons, consisting of one arbitrator to be appointed by Owner, one by Charterer and one by the two so chosen. The decision of any two of the three on any point or points shall be final. Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the arbitrators and on the other party to specify further disputes or differences under this Charter for hearing and determination. The arbitrators may grant any relief which they, or a majority of them, deem just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance. Awards made in pursuance to this Clause may include costs, including a reasonable allowance for attorney's fees, and judgment may be entered upon any award made hereunder in any Court having jurisdiction in the premises.

11. On or about August 13, 2015, Petitioner demanded arbitration, appointed as its arbitrator (Mr. Anthony Siciliano), and demanded that Respondent appoint its arbitrator.

12. Respondent did not appoint an arbitrator.

13. Various subsequent demands for Respondent to respond with an appointment have been transmitted, including communications on August 25, August 29 and September 16, as well as telephone calls to the Respondent's broker, none of which have prompted the Respondent to comply with its obligations under the arbitration clause to appoint an arbitrator and arbitrate.

14. In the course of these communications, Petitioner cautioned the Respondent that its continued recalcitrance would result in Petitioner filing this action in the Southern District of New York in which it would seek recovery of the fees and costs incurred in having to undertake this unnecessary procedural step.

15. Respondent has failed to appoint its arbitrator.

16. The validity and legality of the contract of charter party, including the agreement to submit all disputes arising under the charter party to arbitration in New York, is not an issue and has never been questioned.

17. Respondent is in breach of the subject contract of voyage charter for failing to pay to Petitioner the outstanding sums due for demurrage as outlined above, and in failing to timely appoint an arbitrator under the arbitration provision of the charter resulting in damages of $116,319.44, plus attorneys' fees and costs, and as most nearly can be determined at the present time, no part of which has been paid despite due demand.

18. Petitioner has duly performed all its obligations to Respondent in accordance with the terms of the charter party.

19. Petitioner expressly reserves all its rights under the Charter, including but not limited to the right to claim for any additional damages that Petitioner may suffer as a result of Respondent's continued breaches and nothing herein constitutes a waiver of any of Petitioner's rights thereunder.

17. No previous application has been made to this Court or to any other Court or Judge for the order and relief sought herein.

18. Petitioner has incurred costs and attorneys' fees related to this application which Petitioner was compelled to make due to Respondent's delay in appointing an arbitrator and proceeding to arbitration.

WHEREFORE, Petitioner prays:

1. That process in due form of law according to the practice of this Court may issue against Respondent;

2. That in accordance with Sections 4 and 5 of the United States Arbitration Act, that this Court enter an Order directing that the Respondent appoint an arbitrator within five (5) days after service upon the Respondent or its attorneys of a copy of the Order entered herein;

3. That in the event the Respondent fails to appoint an arbitrator within the aforesaid five (5) days, that this Court enter an Order: i) appointing an arbitrator on behalf of Respondent or ii) authorizing Petitioner to appoint an arbitrator on behalf of Respondent with that appointment having the same force and effect as if the appointment had been made by Respondent;

4. That this Court retain jurisdiction over this matter until a final award is entered herein under the terms of the subject contract of charter party and pursuant to the provisions of 9 U.S.C. Sections 1 *et seq.*;

5. That a decree be entered in favor of the Petitioner against the Respondent for the full amount of the Petitioner's damages, together with interest, costs, and attorneys' fees should Respondent fail to timely appear; and

6. That Petitioner be awarded the costs and fees of this Petition, including costs, disbursements and attorneys' fees and such other and further relief as the Court deems just and proper regardless of when Respondent appears.

Dated: New York, New York
September 24, 2015

                                              FREEHILL, HOGAN & MAHAR LLP
                                              Attorneys for Petitioner

                                              By: _____
                                                   Peter J. Gutowski, Esq.
                                                   80 Pine Street 25th Floor
                                                   New York, NY 10005-1759
                                                   (212) 425-1900
                                                   gutowski@freehill.com

TO:     Ecopetrol S.A.
          Carrera 13 #36-24 Edificio Principal
          Bogotá, Distrito Capital, Colombia

          Ecopetrol S.A.
          C/O Ecopetrol America Inc.
          2800 Post Oak Blvd, Suite 5110
          Houston, TX   77056

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

      Peter J. Gutowski, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under penalty of perjury as follows:

      1.    I am the attorney for the Petitioner in this matter and have read the foregoing Verified Petition to Compel Arbitration, know the contents thereof and upon information and belief, I believe the matters alleged therein to be true.

      3.    The source of my information and the grounds for my belief are communications, papers and reports contained in my file and provided to me by our client.

                                                  Peter J. Gutowski

Sworn to before me this
24th day of September 2015

NOTARY PUBLIC

JOAN SORRENTINO
Notary Public, State of New York
No. 01SO6067227
Qualified in New York County
Commission Expires December 3, 2017

439735.1

7